UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FERLIS LEBLANC** | **CASE NO. 2:22-CV-04386** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court are two motions: "Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint" (Doc. 20) and "USAA's Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss" (Doc. 21).

## INTRODUCTION

This lawsuit involves claims for covered damages allegedly caused by Hurricanes Laura and Delta. Plaintiff, through counsel, filed the instant lawsuit on August 25, 2022.[1] Counsel attempted to amend his complaint on July 12, 2023,[2] and again on August 1, 2023.[3] Plaintiff sought to amend the Complaint to add as Defendants, USAA Casualty Insurance Company ("USAA CIC") and/or USAA General Indemnity Company ("USAA GIC") and remove Defendant United Services Automobile Association ("USAA").

---

[1] Doc. 1.
[2] Doc. 17
[3] Doc. 20.

Plaintiff alleges that during the relevant time period, either USAA CIC or USAA GIC insured his property and breached their obligations under the policy of insurance in violation of Louisiana Revised Statutes 22:1892 and 22:1973.

## LAW AND ANALYSIS

*Motion to Amend*

In its Supplemental and Amending Complaint, Plaintiff attempts to substitute as Defendants USAA Casualty Insurance Company ("USAA CIC") and/or USAA General Indemnity Company ("USAA FGIC") and remove Defendant United Services Automobile Association ("USAA").

Federal Rule of Civil Procedure 15(a)(2) provides that ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. The district court can deny leave to amend if amendment is futile. *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000). The Fifth Circuit has stated amendment is futile when "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

Defendant maintains that neither USAA GIC, nor USAA CIC issued an insurance policy to Plaintiff.[4] Defendant asserts that USAA issued the policy of insurance for the subject property. Additionally, Defendant maintains that both Plaintiff and USAA are

---

[4] Defendant's exhibit A, Declaration of Sandra Sausman which declares that during the relevant time period, neither USAA, USAA GIC, nor USAA CIC issued a policy for Plaintiff's property. Doc. 29-1.

citizens of Louisiana, therefore this Court does not have jurisdiction based on diversity of citizenship. Thus, Defendant argues that amendment would be futile. Plaintiff has failed to respond to Defendant's opposition. Considering same, it would be futile for the Court to allow the amendment.

*Motion to Dismiss*

Again, Defendant moves to dismiss because there is no diversity of citizenship between Plaintiff and USAA. USAA is considered a citizen of each of the 50 states for diversity jurisdiction purposes under 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

Plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Plaintiff has alleged that he is a citizen of Louisiana. USAA is an unincorporated association serving as a reciprocal interinsurance exchange with members in every state. *Fields v. Progressive Cas. Ins. Co.,* 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18,

2022), report and recommendation adopted, 21-477, 2022 WL 323968 (M.D. La. Feb. 2, 2022) (citation omitted) ("Because USAA is a citizen of every state, including Louisiana, it is not diverse from Plaintiff."). An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Page 4 of 7 Cir. 1991)). USAA is therefore a citizen of every state, including Louisiana. *E.g.*, *Cruz v. USAA*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). Because plaintiff is also a citizen of Louisiana, there is no basis for the Court's exercise of jurisdiction. As such, the Court lacks jurisdiction.

## **CONCLUSION**

For the reasons explained herein, Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint (Doc. 20) will be denied and (2) USAA's Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss (Doc. 21) will be granted.

**THUS DONE AND SIGNED** in Chambers on this 13th day of October, 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**
